IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

THE HEALTH CARE AUTHORITY
OF LAUDERDALE COUNTY AND THE
CITY OF FLORENCE, ALABAMA, d/b/a
COFFEE HEALTH GROUP,

    PLAINTIFF,

vs.                                CASE NO. CV 02-J-2675-NW

HCA INC., et al.,

    DEFENDANTS.

## MEMORANDUM OPINION

Pending before the Court is plaintiff's motion to reconsider (doc. 24) and the defendant's response thereto (doc. 25). The plaintiff's motion is based upon three specific grounds: (1) That the Court should withdraw its decision finding Coffee Health Group's RICO claims arbitrable and therefore retain jurisdiction over the RICO claims; (2) That the Court should make clear that HCA, Inc. and Galen Medical Corporation's (Galen) joint motion to stay was not moot, as the Court held, but actually granted in part; and (3) That the Court make express that its ruling was based, in part, on the defendants' position that should the Court find the arbitration clause unenforceable because of its waiver of punitive damages, severance of the waiver provision was required.

In response, the defendants state that the Court should alter its ruling of November 19, 2002 to state: (1) that HCA and Galen's motion for a stay was not moot, but rather granted pursuant to section 3 of the Federal Arbitration Act ("FAA") by the Court's ruling that the plaintiff's claims were all subject to arbitration; (2) that any ruling on whether the waiver of punitive damages clause in the arbitration agreement violates public policy should be reserved for the United States District Court for the Northern District of Georgia; and (3) that the Court should find that the determination of who should bear the costs of this case is an issue for the arbitration panel to decide.[1] The Court shall address each of these contentions in order.

(1) ***The RICO claims***

The Court has considered the plaintiff's argument as to why this Court should reconsider its ruling that the RICO claims are arbitrable. The Court finds the plaintiff's argument to be the same argument that failed to convince the Court to retain jurisdiction over these claims. This Court disagrees with the plaintiff's interpretation of *In re: Humana Inc. Managed Care Litigation*, 285 F.3d 971 (11th Cir. 2002). The Court, for the reasons previously set forth, finds that case to be factually dissimilar to this case and therefore not on point.

---

[1] Although requesting relief independent of that argued in plaintiff's motion, the defendant failed to file its own motion for reconsideration, motion to alter or amend, or any other pleading on which this Court could rule.

The Court having considered the foregoing and being of the opinion the plaintiff's motion to reconsider on the issue of whether the Court has to retain jurisdiction over the RICO claims is due to be denied;

It is therefore **ORDERED** by the Court that said motion is **DENIED** on these grounds.

(2) *The Motion for Stay* (Issue (1) in defendants' response)

As this Court stated in its November 19, 2002 Memorandum Opinion and Order, this case came before this Court on a variety of motions. Relevant here are the plaintiff's motion for declaration (doc. 8); defendant HCA Inc.'s (HCA) supplemental motion for stay or dismissal (doc. 0) (originally filed in the Circuit Court of Lauderdale County, Alabama); defendant Galen's motion to compel arbitration (doc. 0) (originally filed in the Circuit Court of Lauderdale County) and defendants' motion for stay based upon orders compelling plaintiff to arbitrate (doc. 4). The defendants also filed a supplement for clarification to defendants' motion for a stay (doc. 15). Defendant Galen also filed an opposition to plaintiff's motion for a declaration (doc. 16).

Although this case has a somewhat tortuous history, the following proceedings are relevant to the pending motion and response. On February 26, 2002, the Health Care Authority of Lauderdale County and the City of Florence, Alabama, d/b/a Coffee Health Group filed a complaint in the Circuit Court for

Lauderdale County, Alabama, against HCA, Inc., Galen and others. The case was removed to federal court by defendants on March 25, 2002.[2] Plaintiff did not filed a motion to remand this case to state court. On February 27, 2002, HCA, Inc. filed a demand for arbitration with the American Arbitration Association and on March 7, 2002, filed a suit in the United States District Court for the Northern District of Georgia, seeking to compel plaintiff to arbitrate its claims against HCA, Inc. Defendant HCA, Inc. has consistently argued to this Court that its Georgia federal law suit was required pursuant to § 4 of the Federal Arbitration Act and Arbitration Provision ¶12.3(b) of the Asset Purchase Agreement ("APA").

> Section 4 of the Federal Arbitration Act provides, in relevant part:
>
> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement .... The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.

On April 1, 2002, defendant HCA, Inc. filed a motion to stay the proceedings in this Court in the first removal action in an attempt to obtain a

---

[2]That action was CV 02-J-754-NW, hereinafter referred to as "the first removal action."

4

decision from the U.S. District Court for the Northern District of Georgia on the arbitration issue. At the hearing in this Court on this motion, HCA, Inc. presented this Court with an Order from the U.S. District Court for the Northern District of Georgia, Hon. Willis B. Hunt, which ordered arbitration of Coffee Health Group's claims against HCA, Inc., but not against Galen.

On May 22, 2002, defendants filed a motion here to dismiss Galen or remand the entire case based on this Court's lack of subject matter jurisdiction, as well as a motion to stay, in light of the cases pending in Georgia and Tennessee regarding the arbitration of Coffee Health Group's claims against Galen.

The defendants then removed this case to this Court a second time. At that time HCA and Galen's second action against the plaintiff in the United States District Court for the Northern District of Georgia, in front of Judge Hunt, Civil Action No. 1: 02-CV-3049; a motion for clarification in defendant HCA's first action in front of Judge Hunt, Civil Action No. 1:02-CV-631, as well as the arbitration in front of the AAA panel were pending.

Plaintiff requested this Court declare that its claims against Galen are not subject to arbitration (doc. 8).³ Defendants asked the Court to stay this action to allow arbitration to proceed (doc. 0). Defendant Galen also requested this Court to deny the plaintiff's motion for declaration that the claims are not subject to

---

³This Court's authority to issue declaratory judgments is pursuant to 28 U.S.C. § 2201.

5

arbitration (doc. 16). As the Court stated in its memorandum opinion issued November 19, 2002, all of the issues before the Court required this Court to consider the merits of the parties' arguments as to whether these claims are within the APA. The Court found that the issue of arbitrability was squarely before it.

The defendants argued to this Court that, pursuant to § 4 of the FAA, this Court could not consider the question of arbitrability. Defendants based this argument on § 3 of the FAA, which states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had ....

As the Court previously stated, the statute itself requires the Court to be **"satisfied"** that the subject matter of the proceeding is **referable to arbitration** before the Court can grant the stay. A determination of exactly that issue is what plaintiff sought in its motion for declaration. Because this Court chose to consider the plaintiff's motion for declaration first, the Court had to determine whether the issues raised by the plaintiff were arbitrable. The Court ruled against the plaintiff in finding that its claims against Galen were subject to the arbitration provisions of the APA.

Thus, the Court ruled that Galen did have a right to the benefit of the arbitration clause of the APA although it was not a signatory thereto and that the plaintiff's claims were covered by the APA arbitration provision. *See* Memorandum Opinion of November 19, 2002. The parties had previously informed the Court that the United States District Court for the Northern District of Georgia has already ordered the claims against HCA, Inc. proceed to arbitration. The Court having made the above determinations, and further cognizant that the Georgia Federal Court had ordered arbitration, found that the defendants' motion to stay was moot, as no issues remained before this Court.[4] This Court Ordered this case dismissed, without prejudice to the right of any party to petition for reinstatement following arbitration, should there remain any unresolved issues. This Court and other judges in this district routinely, and as a matter of course, dismiss a case which is going to arbitration with leave to reinstate. Nothing about the facts of this case convinces this Court to deviate from this standard ruling.

The Court having considered the foregoing and being of the opinion the plaintiff's motion to reconsider on the issue of whether the defendants' motion to stay was actually granted in part is due to be denied;

---

[4] As a practical matter, this Court could have ruled on the plaintiff's motion for declaration (doc. 8) and dismissed the case based on that ruling, without entering any finding concerning the defendants' motion to stay. Upon such a ruling on the plaintiff's motion, the Clerk's office would have thereafter "termed" the defendants' motion as no longer pending, without this Court entering any ruling on it. Either way, the result would have been the same.

It is therefore **ORDERED** by the Court that said motion is **DENIED** on these grounds.

(3) *Severance of the waiver of punitive damages* (and defendants' issue (2), whether the question of severance and waiver should be reserved for the United States District Court for the Northern District of Georgia)

This Court found that the APA stated that to the extent anything in the APA is invalid or unenforceable, it shall be considered severed from the APA and the remaining provisions remain in full force and effect. At oral argument, the defendant stated to this Court:

> ...if the federal courts decide that [the] "no punitive damages provision" adversely impacts an arbitration agreement, that it would also find and should find that a severability clause would allow the court to sever out that "no punitive damages provision" and order the case to go to arbitration and give the arbitrators the authority to enter punitive damages or treble damages as they saw fit
> 
> That is also an issue that could then be taken up on confirmation of award on the back end, if necessary. And that's frankly how most of the courts have dealt with it up to this stage, is that, rather than actually deciding that issue, they have sent it to arbitration and they know they have the opportunity to look at it a second time, if it becomes – if that becomes an issue.

Transcript of November 18, 2002 hearing, at 13.

Since the Court entered its ruling, the Hon. Willis B. Hunt, United States District Court for the Northern District of Georgia, has stated that:

> For the reasons set forth in this Court's Order dated December 3, 2002, in HCA v. Coffee Health Group, 1:02-CV-631-WBH, the Court hereby defers ruling on whether the prospective waiver of punitive

8

> damages violates public policy. The arbitrator is authorized to consider all claims and all possible damages that might flow therefore, including punitive and treble damages. If a claim supporting such damages is proved to the arbitrator's satisfaction, and if the arbitrator determines that such damages are appropriate, the Court will review the award upon confirmation, at which time, the issues will be squarely before the Court ....

December 3, 2002 Order of Judge Hunt, at 5.

Plaintiff now requests this Court to find that its ruling was "based in part on HCA and Galen's position that, should the Court find the arbitration clause unenforceable because of its waiver of punitive damages, severance of such waiver was the proper course of action." Motion to reconsider (doc. 24) at 1. However, the Court found the waiver of punitive damages to be against public policy, and thus invalid. The Court found due to the fact that the APA included a severance clause, the appropriate course of action was to sever the waiver of punitive damages. This Court did not find the arbitration clause to be unenforceable, as plaintiff suggests. As such, the Court declines to alter its ruling on this basis.

This Court further finds the defendants' argument that the question of severance and waiver should be reserved for the United States District Court for the Northern District of Georgia to be moot, as that Court has already held that it will reserve such issue and this Court has dismissed this case. Additionally, this Court's memorandum opinion, directing that an arbitrator shall consider the plaintiff's claims for punitive and treble damages, is in line with Judge Hunt's

Order, directing the same. The Court finds no reason to alter its Opinion on this issue.

The Court having considered the foregoing and being of the opinion the plaintiff's motion to reconsider on the issue of severance of punitive damages is due to be denied;

It is therefore **ORDERED** by the Court that said motion is **DENIED** on these grounds.

The Court having also considered the defendants' argument in their response that this issue should be reserved for the Georgia Federal Court upon confirmation, and finding that this already has been allowed for in this Court's Opinion of November 19, 2002, the Court can find no basis to reconsider its ruling on these grounds.[5]

Defendants' (3) *Whether the Arbitration Panel should determine which party bears the costs of this action*

This Court Ordered, as a matter of course "Each party is to bear its own costs in this action." The defendant argues that pursuant to the APA, HCA and Galen are seeking legal fees and costs in connection with their efforts to enforce

---

[5] The defendants did not file a motion to reconsider, but rather a response to the plaintiff's motion (doc. 25). Thus, the Court does not find a basis on which to enter a ruling on the defendants' arguments that the Court's judgment should be altered.

the arbitration agreement. This Court has considered the defendant's arguments, and, had a motion for such relief been filed, the Court would have granted it.

The Court having considered the foregoing is of the opinion that the Arbitration Panel should determine which party should bear the costs of this action.

On the Court's own motion, it is therefore **ORDERED** that the Order of November 19, 2002 is **AMENDED** as follows:

The sentence "Each party is to bear its own costs in this action" is stricken and the sentence "The issue of costs of this action is reserved for the arbitration panel" is substituted therefore.

**DONE** and **ORDERED** this the ___17___ day of December, 2002.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE